GEORGE J. BACKUS v. A. H. BARBER & COMPANY.

January 12, 1899.

Nos. 11,431—(221).

**Verdict Sustained by Evidence.**
*Held*, that the evidence justified the verdict.

**Examination of Witness—Rulings of Court.**
Certain unimportant rulings on the trial, in admitting and excluding evidence, considered and disposed of.

Action in the district court for Hennepin county to recover $2,100 for the conversion by defendant of plaintiff's share of certain notes. The cause was tried before Lancaster, J., and a jury, which rendered a verdict in favor of plaintiff for $885. From an

order denying a motion for a new trial, defendant appealed. Affirmed.

Clapp & Macartney, for appellant.

Alvord C. Egelston and George H. White, for respondent.

MITCHELL, J.

One Freeman undertook to build a creamery at Turon, Kansas, to be paid for in the notes of farmers who had taken stock in the creamery company. When the creamery was completed, Freeman was indebted, in addition to what he owed to local laborers, to various parties, principally for material for the building, $3,354, according to plaintiff's contention, or $3,780.29, according to the contention of the defendant. Among these debts was one of $900 due to plaintiff for lumber, one of $100 to one Mills for assistance, and $2,250, as alleged by the plaintiff, or $2,676.29, as claimed by the defendant, due to one Barber, defendant's assignor, for machinery furnished.

The creamery company insisted that, before it would accept the building and deliver the farmers' notes, all the creditors should furnish it with receipts in full, so that the company would be assured that the building was free from liens. At this juncture most of the parties in interest met at Turon to effect a settlement, the plaintiff being represented by Freeman, Barber by one Church, the creamery company by one Potter, and Mills being present in person. All the creditors furnished the creamery company with receipts in full, as requested. Potter, who was a local banker, discounted sufficient of the farmers' notes to pay the local laborers, and then delivered the balance of the notes, amounting to $3,237.32, to Freeman, who indorsed and delivered them to Church, as Barber's agent and representative. The evidence tends quite strongly to prove that these notes constituted all that Freeman had with which to pay his creditors.

The principal controversy between the parties is as to the terms of the assignment under which Freeman transferred these notes to Barber. Defendant's contention is that they were transferred merely as collateral security for Barber's claim alone, while plaintiff's contention is that they were transferred under an agreement

that Barber should get them discounted, and then distribute the proceeds among all the creditors, and that, if he should be unable to get them discounted, he should distribute the notes themselves among the creditors pro rata.

Plaintiff brought this action to recover the value of his share of the notes. The verdict was in favor of the plaintiff for $885.

1. The main question here is whether the evidence justified the verdict. If the plaintiff was entitled to recover at all, the evidence justified the amount of the verdict. The principal witnesses on the trial were Freeman and Mills for the plaintiff, and Potter and Church for the defendant. The evidence was conflicting as to the terms of the agreement under which the notes were transferred to Barber. The testimony on both sides is perhaps open to considerable criticism.

The preponderance of the evidence might seem to be in favor of the defendant's contention, but there are some things which tend to impair the credit of some of its witnesses. For example, their attempt to convey the impression that they knew nothing about Freeman's financial condition, and that they supposed he had actually paid plaintiff's claim, does not, in view of all the evidence in the case, commend itself as being altogether frank and ingenuous.

There is also one circumstance which we think is entitled to considerable weight, viz., no reason is suggested by anything in the record why Freeman should voluntarily prefer Barber to his other creditors by turning over all the notes to him, leaving the others unprovided for. We could not disturb the verdict on the ground of want of evidence to support it.

2. Certain rulings of the court in excluding or admitting evidence are assigned as error. When Mills was on the stand as a witness for the plaintiff he testified to two conversations with Church on the evening of the day on which the notes were transferred, one on the street and one on the cars. The alleged conversation on the street, as testified to, consisted merely of a statement by Church that there would be enough when the notes were discounted to settle everything. According to Mills' testimony, he made substantially the same statement on the cars. When Church

was called as a witness for the defendant he gave his version of what was said on the cars. He was asked:

"Did you at that time, or at any other time, state to him (Mills) that when those notes were discounted there would be enough to pay all the bills?"

To which he replied:

"Why, I don't remember of making any such statement;"

And then proceeded to testify as to what he did say. After his cross-examination, counsel, on redirect, proposed to examine him as to what was said on the street. This was excluded. Although the court may have given the wrong reason, there was no error in this ruling, for we think the matter had been fully covered on the original examination of the witness.

There was no reversible error in permitting the cross-examination of Potter referred to in the second assignment of error.

The evidence referred to in the third assignment of error was properly excluded, under the rule that the re-examination of a witness should be confined to matters that will develop, explain, modify or rebut any new matter brought out on the cross-examination. This rule is unfortunately so commonly disregarded and so much see-sawing permitted in the examination of witnesses, that we might hesitate to sustain the ruling of the trial court, if the proposed examination had related to any matter of special importance which had not been practically covered by other evidence in the case. But the matter sought to be inquired about would, at most, have had but a slight and indirect bearing upon the issue in the case, and had been already substantially covered by the evidence already admitted.

Moreover, a perusal of the record discloses that the court had, upon the whole, been exceedingly liberal in permitting both parties to introduce in evidence every collateral circumstance and everything in the subsequent conduct of the parties calculated to throw any light upon the terms of the agreement under which the notes were transferred to Barber.

Order affirmed.